————o————

5554.

(Court of Appeal, Parish of Orleans.)

## SMITH BROS COMPANY, LIMITED vs. L. W. PIETSCH.

Involves only issues of fact.

Appeal from the Civil District Court, Division "E."

Lyle Saxon, for plaintiff and appellant.

Burns & Pratt, for defendant and appellee.

ST. PAUL, J.—Plaintiff sues for the return of $200.00 advanced upon an alleged contract entered into with defendant, which the latter is charged with having breached.

But although declaring upon an outright agreement on the part of defendant to build and deliver an auto-wagon for the fixed price of $750.00, plaintiff nevertheless claims that it has demanded and is entitled to an "accounting" from defendant for the $200.00 so advanced; and it is also shown that in the attempt to build the wagon, plaintiff showed as much activity, and exercised still greater authority, even over details, than defendant did at any time.

The evidence is conflicting, but the trial Judge found for defendant, and his finding appears to us correct. For the contract was clearly one of employment, under which defendant was to superintend the building of the wagon and plaintiff to pay the cost of its construction.

When it afterwards developed that this case would exceed what plaintiff had anticipated, plaintiff decided to abandon and put an end to the project, as it had a right to do. Whereupon defendant refused to give an accounting of the $200.00 advanced to him for the purchase of materials; an accounting to which plaintiff was clearly entitled under defendant's own view of the contract, to-wit: that adopted by the trial Judge and by ourselves.

When this suit followed defendant did, in his answer render a full and complete account of the money expended; and he also reconvened for compensation for his services.

Defendant ought perhaps to be condemned for at least part of the costs, for having failed to tender an accounting until compelled by suit to do so. But inasmuch as

the trial Judge has allowed him for his services somewhat less than he seems entitled to, and he has asked for no amendment, we shall not disturb the judgment which does substantial justice between the parties as it stands.

On the other hand, as they were paid for with plaintiff's money, it appears to us that plaintiff is entitled to the auto-horn in the possession of defendant, and to the machinery purchased from the Murray Machine Works of Chicago, upon paying charges and the cost of transportation, and its rights in this respect are reserved. With this slight amendment, which is hardly necessary and will not carry costs, the judgment appealed from will be affirmed.

It is therefore ordered that the judgment appealed from be and it is hereby affirmed at plaintiff's cost in both Courts; reserving however to the plaintiff the right to demand a certain auto-horn in the possession of defendant, and certain machinery purchased by defendant from the Murray Machine Works of Chicago, on January 4th, 1910, on paying charges and cost of transportation.

May 27th, 1912.

———o———

5580.

(Court of Appeal, Parish of Orleans.)